1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARSHALL LOSKOT,                        Case No. 2:09-CV-00011-JAM-KJM

      Plaintiff,                       <u>ORDER DENYING PLAINTIFF'S</u>
                                        <u>MOTION FOR SUMMARY JUDGMENT</u>

   v.

GEO KADAVELIL MATHEWS, dba
ANTELOPE LIQUORS, MANJINDER
SINGH SANGHA, individually,
SANDEEP K. SANSHA,
individually, and DOES 1
through 50, inclusive,

      Defendants.

_____/


    This matter comes before the Court on Plaintiff Marshall

Loskot's ("Plaintiff") motion for summary judgment pursuant to

Federal Rule of Civil Procedure 56.  (Doc. # 9).  Defendants Geo

Kadavelil Mathews, Antelope Liquors, Manjinder Singh Sangha, and

Sandeep K. Sangha (collectively "Defendants") oppose the motion.

1

(Doc # 14).   For the reasons set forth below,[1] Plaintiff's motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Plaintiff's October 10, 2008, visit to Antelope Liquors, a gas station and store, located in Red Bluff, California, and owned by Defendants Geo Kadavelil Mathews, Manjinder Singh Sangha, and Sandeep K. Sangha. Plaintiff is a T10 paraplegic bound to his wheelchair since the accident that caused his condition in 1991.   Plaintiff's Statement of Undisputed Facts ("SUF") ¶ 1.   Plaintiff asserts he made the October 10, 2008, visit to Antelope Liquors for the purpose of purchasing gas and using the restroom facilities. SUF ¶ 4.   Plaintiff claims he visited the business prior to the October 10, 2008 incident, that he visits the area frequently, and that he intends to return to the store.   SUF ¶ 6. Plaintiff argues that on October 10, 2008 he struggled to overcome numerous architectural barriers that prevented him from enjoying full and equal access to Antelope Liquors.   SUF ¶ 5. Specifically, Plaintiff asserts he could not enter the store without assistance and could not use the restroom because of the raised entrance to the facility.   SUF ¶ 5.   Plaintiff claims

---

[1]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.   E.D. Cal. L.R. 230(g).

that prior to this suit he sent two letters to the business and property owners of Antelope Liquors describing the problems he encountered during his visit, but that he did not receive a response to those letters.  SUF ¶ 7.

On January 2, 2009, Plaintiff filed a complaint against Defendants seeking injunctive relief and damages pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et. seq.*, the California Health & Safety Code § 19955, *et seq.*, California Civil Code § 54, *et seq.*, California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51 *et seq.*, and California Code of Regulations, Title 24, Chp. 11B. (Doc. # 1).  According to Plaintiff, Defendants denied him full and equal enjoyment in the use of Antelope Liquors and failed to remove architectural barriers that violate federal and state disability access standards as prescribed by the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and California's Title 24 ("Title 24").

In the instant motion, Plaintiff seeks summary judgment against Defendants.  (Doc. # 9).  Defendants argue that they were in the midst of remodeling Antelope Liquors at the time of the alleged incident and that the remodel plans and construction were approved by the governmental agency charged with ADA compliance.  Defendants' Opposition Brief, Doc. # 14 ("Defs' Opp.") at 2.  Defendants also contend that Plaintiff has not

proposed enough facts to allow the Court to determine if there is compliance with the ADA and that Plaintiff's SUF is "littered with improper legal conclusions."  Id. at 6.

II.   OPINION

A. Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses," Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986), "[i]f summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'"  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626,

630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

A "scintilla of evidence" is insufficient to support the non-moving party's position; "there must be evidence on which the jury could reasonably find for the [non-moving party]." <u>Anderson</u>, 477 U.S. at 252. Accordingly, this Court applies to either a defendant's or plaintiff's motion for summary judgment essentially the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id</u>. at 251-52.

B. <u>The ADA</u>

The ADA proscribes discrimination against individuals based on their disability. <u>See</u> 42 U.S.C. §§ 12101, *et seq.*. The ADAAG provides "substantive standards for public facilities subject to the ADA, [and the] ADAAG standards define whether an architectural or other feature of a facility is a 'barrier' that discriminates against disabled persons in violation of the ADA." <u>Wilson v. Norbreck, L.L.C.</u>, 2006 WL 2651139, at *1 (E.D. Cal. Sept. 15, 2006).

Plaintiff seeks summary judgment for the following 10 alleged violations of the ADA, citing non-compliance with ADAAG regulations:

1. No posted tow-away signage, in violation of ADAAG 4.6.4.

Because there is no tow-away sign requirement in the ADAAG, Plaintiff cannot demonstrate he is entitled to judgment as a matter of law for this alleged violation. Accordingly, Plaintiff's motion for summary judgment based on Defendants' alleged failure to adhere to ADAAG 4.6.4, in violation of the ADA, is denied.

2. Parking access aisle area has a cross slope in excess of 2%, in violation of ADAAG 4.6.3.

The 3 photographs in the "Site Inspection Report" put forward as evidence of a violation of ADAAG 4.6.3 are insufficient to determine whether Defendants failed to comply with the ADAAG. The photographs only show a small portion of the area being measured, making it impossible to tell where the photographs were taken. Additionally, Plaintiff fails to provide a description of how the measurements were procured. For these reasons, Plaintiff did not meet his burden of proof, failing to demonstrate the absence of a genuine issue of material fact as to Defendants' non-compliance with the ADA, through ADAAG 4.6.3.

3. Restroom entry threshold exceeds 1/2" requirement of

ADAAG 4.13.8.

The 2 photographs in the "Site Inspection Report" put

forward as evidence of a violation of ADAAG 4.13.8 are

insufficient to determine whether Defendants failed to comply

with the ADAAG. Like the photographs in support of the alleged

violation of ADAAG 4.6.3, these photographs only show a small

portion of the area being measured, making it impossible to tell

where the photographs were taken. Additionally, Plaintiff fails

to provide a description of how the measurements were procured.

Plaintiff has not met his burden of proof; accordingly,

Plaintiff's motion for summary judgment based on Defendants'

alleged failure to comply with ADAAG 4.13.8, in violation of the

ADA, is denied.

4. No posted accessibility signage on the restroom door, in

violation of ADAAG 4.30.7*(1).

Section 4.30.7*(1) requires compliance with section 4.1,

which only prescribes a signage requirement at "accessible

toilet and bathing facilities when not all are accessible."

(emphasis added). Notably, sections 4.22 (Toilet Rooms) and 4.23

(Bathrooms) say nothing about a signage requirement. Plaintiff

has failed to demonstrate that this section of the ADAAG

requires accessibility signage at Defendants' restroom facility.

Because Plaintiff has not shown this section applies to

Defendants, Plaintiff cannot meet his burden of proof, and summary judgment for a violation of the ADA, under ADAAG 4.30.7*(1), is denied.

   5. Effort needed to open the store's front entrance door
        exceeds maximum of 5 pounds of force, in violation of
        ADAAG 4.13.11.

   Because there is no maximum force requirement in the ADAAG for exterior doors, Plaintiff cannot demonstrate he is entitled to judgment as a matter of law for this alleged violation. Accordingly, Plaintiff's motion for summary judgment based on a Defendants' alleged failure to adhere to ADAAG 4.13.11, in violation of the ADA, is denied.

   6. Interior store counter space is not compliant with ADAAG
        4.2.6.

   Section 4.2.6 requires a "maximum high side reach [of] 54 [inches] . . . ." The photograph provided by Plaintiff shows a counter height of approximately 38", which would seem to support Defendants' compliance with 4.2.6. However, Plaintiff has failed to demonstrate whether this section of the statute even applies to the interior counter space of Defendants' store.  Moreover, the 2 photographs provided on page 7 of the "Site Inspection Report" are insufficient to prove Plaintiff's allegations, and Plaintiff does not provide an explanation of how the measurements demonstrate non-compliance with the ADAAG. For

8

these reasons, Plaintiff has not met his burden of proving the absence of a genuine issue of material fact, and his motion for summary judgment based on Defendants' failure to comply with ADAAG 4.2.6, in violation of the ADA, is denied.

      7. Minimum free floor space of 42" for wheel chairs is not compliant with ADAAG 4.2.1.

      Section 4.2.1 explicitly applies to passageways, prescribing space requirements for "doorways, gates, and the like, when . . . entered head-on." Plaintiff has failed to demonstrate that this section applies to the free floor space within Defendants' store, as the plain language of the statute indicates it does not, because Plaintiff has provided nothing more than a citation to this section of the statute. Accordingly, summary judgment based on Defendants' failure to comply with ADAAG 4.2.1, in violation of the ADA, is denied.

      8. Height and width of check-out counter violates ADAAG 7.2.

      Plaintiff has failed to provide any authority demonstrating that section 7.2 applies to Defendants' check-out counter. Moreover, the 6 photographs provided in support of the alleged violation are insufficient to prove the absence of a genuine issue of material fact. One obvious problem with the photographs is that none show the measuring tape touching the floor as the measurement is taken. More importantly, Plaintiff has failed to describe how the measurements depicted

affirmatively demonstrate a violation. Accordingly, Plaintiff's motion for summary judgment based on Defendants' alleged failure to comply with ADAAG 7.2, in violation of the ADA, is denied.

9. The restroom door handle is not compliant with ADAAG 4.13.9.

The photograph in the "Site Inspection Report" put forward as evidence of a violation of ADAAG 4.13.9 is insufficient to determine whether Defendants failed to comply with the ADAAG. The photograph does not show the entire door, but instead it only shows a door handle, making it impossible to tell where the photograph was taken. Additionally, Plaintiff fails to provide a description of how the pictured handle does not comply with the ADAAG requirements. Plaintiff has not demonstrated an absence of a genuine issue of material fact as to Defendants' compliance with ADAAG 4.13.9; accordingly, Plaintiff's motion for summary judgment is denied.

10.  There is no accessibility signage visibly mounted in the store front, in violation of ADAAG 4.30.7*(1), 4.30.6.

As explained above under alleged violation number 4, section 4.30.7*(1) requires compliance with section 4.1, which only prescribes a signage requirement at "[a]ccessible entrances when not all are accessible." (emphasis added). Plaintiff merely cites this section to support the violation, therefore failing

to demonstrate that this section of the ADAAG requires visible accessibility signage in Defendants' store front. Plaintiff's claim under Section 4.30.6, which expressly prescribes "Mounting Location and Height," is similarly deficient. Plaintiff merely cites to this section without providing any support to demonstrate why it applies to Defendants' store. Because Plaintiff has failed to provide any support connecting these sections of the ADAAG to this case, Plaintiff's motion for summary judgment based on Defendants' alleged non-compliance with ADAAG 4.30.7*(1) and 4.30.6, in violation of the ADA, is denied.

   In sum, Plaintiff did not meet the requisite burden of proof as to any of the alleged ADA violations; accordingly, summary judgment is denied for each of Plaintiff's claims under the ADA.

C. <u>State Law Claims</u>

   Plaintiff moves for relief based on 10 alleged violations of the Title 24, citing "CalDAG" in support of three of the violations. CalDAG is not a legal authority; accordingly, the Court will disregard any citation to it in support of a state violation. <u>See</u> <u>Sanford v. Del Taco, Inc.</u>, 2006 WL 2669351, at *2 (E.D. Cal. Sept. 18, 2006). Plaintiff seeks summary judgment for the following alleged violations:

1.  No posted tow-away signage, in violation of Title 24,

§1129B.5.

Plaintiff has provided an incorrect citation in support of the alleged violation, as the section cited here does not exist in Title 24. Even if Plaintiff intended to cite § 1129B.4, Plaintiff has failed to demonstrate that section, which explicitly applies to "off-street parking facilities," applies to Defendants' establishment. Accordingly, Plaintiff's motion for summary judgment based on Defendants' alleged violation of Title 24, § 1129B.5 is denied.

2.  Parking access aisle area has a cross slope in excess of

2%, in violation of Title 24, § 1129B.4.4.

Plaintiff provides the same evidence here as in support of the corresponding ADA violation, discussed under section B, alleged violation 2, above. For the same reasons, Plaintiff's evidence is insufficient to demonstrate the absence of a genuine issue of material fact, and therefore, Plaintiff's motion for summary judgment based on Defendants' alleged violation of Title 24, § 1129B.4.4 is denied.

3.  Sidewalk around the restroom is raised with no ramps, in

violation of Title 24, § 1133B.8.1.

Section 1133B.8.1 applies to "Warning curbs" and describes requirements for identifying "[a]brupt changes in level." Plaintiff has failed to demonstrate how this section

supports the alleged violation, an excessive threshold entry to the restroom. Accordingly, Plaintiff's motion for summary judgment based on Defendants' alleged violation Title 24, § 1133B.8.1 is denied.

4. Grab bars in the restroom do not comply with Title 24, § 1115B.8.

Plaintiff has provided an incorrect citation in support of the alleged violation, as Section 1115B.8 expressly applies to "accessories," not grab bars. Even if Plaintiff intended to cite section 1115B.7, which applies to "Grab bars, tub and shower seats," there are no requirements within that section of the statute for placement of grab bars. Instead, section 1115B.7 contains a table of "recommendations" for grab bar placement and only mandates bar width and strength. Moreover, Plaintiff has not provided support for his assumption that this section of the statute applies to Defendants' restroom facility. Because Plaintiff only provides a citation to section 1115B.8 in support of his motion for summary judgment, Plaintiff has failed to meet his burden of proof to show Defendants violated Title 24, § 1115B.8, and his motion is denied.

5. A minimum 48" long clear space was not provided in front of the water closet, in violation of Title 24, § 1115B.7.2.

Again, Plaintiff has provided an incorrect citation in support of the alleged violation, as Section 1115B.7.2 expressly applies to "Grab bars, tub and shower seats." Other sections of the statute that may apply to Defendants' restroom facility do not prescribe a minimum "long clear space" in front of the water closet. Accordingly, Plaintiff's motion for summary judgment for Defendants' alleged violation of Title 24, § 1115B.7.2 is denied, as Plaintiff has failed to meet his burden of proof.

6. A minimum of 28" from the edge of the water closet to the lavatory edge was not provided, in violation of Title 24, § 1115B.7.2.

As described above, this section is inapplicable here. Even if Plaintiff intended to cite another section that may apply to Defendants' restroom facility, nowhere does the statute prescribe a distance between a lavatory and a water closet. Therefore, Plaintiff has failed to meet his burden of proof, and his motion for summary judgment based on Defendants' alleged violation of Title 24, § 1115B.7.2 is denied.

7. Restroom entry threshold exceeds 1/2" requirement of Title 24, § 1133B.2.4.1.

Plaintiff provides the same evidence here as in support of the corresponding ADA violation, discussed under section B, alleged violation 3, above. For the same reasons, Plaintiff's evidence is insufficient to demonstrate the absence of a genuine

issue of material fact, and therefore, Plaintiff's motion for
summary judgment based on Defendants' alleged violation of Title
24, § 1133B.2.4.1 is denied.

    8. No posted accessibility signage on the restroom door, in
        violation of Title 24, § 1117B.5.8.1.2.

    Section 1117B expressly applies to "all other buildings,"
where Section 1115B expressly covers restroom facilities.
Noticeably absent from section 1115B is a signage requirement
for restrooms. Plaintiff provides nothing more than a citation
to section 1117B.5.8.1.2, failing to demonstrate that this
section of the ADAAG even applies to Defendants' restroom
facility. Accordingly, Plaintiff cannot meet his burden of
proof, and summary judgment for Defendants' alleged violation of
Title 24, § 1117B.5.8.1.2 is denied.

    9. Effort needed to open the store's front entrance door
        exceeds maximum of 5 pounds of force, in violation of
        Title 24, § 1133B.2.5.

    Plaintiff has failed to provide evidence in support of
this alleged violation. Plaintiff's expert did not perform a
test demonstrating the amount of force required to open the
door, and Plaintiff's bare assertion is not enough to prevail on
summary judgment. Because Plaintiff cannot establish that he is
entitled to judgment as a matter of law for Defendants' alleged
violation of Title 24, § 1133B.2.5, summary judgment is denied.

10.  There is no accessibility signage visibly mounted in the store front, in violation of Title 24, § 1117B.5.8.1.2.

As discussed in this section under number 8 above, Plaintiff has failed to demonstrate the applicability of this section to Defendants' store. Section 1117B, which applies to "all other buildings" and appears to be taken out of context, cannot alone support an alleged violation of the ADA by Defendants. Moreover, Section 1117B.5.1, the beginning of the section containing 1117B.5.8.1.2, expressly applies to situations "[w]hen new or additional signs and/or identification devices are provided, or when existing signs and/or identification devices are replaced or altered . . . ." Plaintiff has not provided this Court with any authority connecting this section of the statute to Defendants' store. Plaintiff has failed to meet his burden of proof, and summary judgment for Defendants' alleged violation of Title 24, § 1117B.5.8.1.2 is denied.

In sum, Plaintiff did not meet the requisite burden of proof as to any of the alleged Title 24 violations; accordingly, summary judgment is denied for each of Plaintiff's claims under Title 24.

III. ORDER

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED.


IT IS SO ORDERED.

Dated: March 22, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

17